UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FIRSTBASE.IO, INC.,<br><br>                            Debtor. | Chapter 11<br><br>Case No. 24-11647 (LGB) |
| FIRSTBASE.IO, INC.,<br><br>                            Plaintiff,<br><br>v.<br><br>HARBOR BUSINESS COMPLIANCE CORPORATION,<br><br>                            Defendant. | Adv. Proc. No. 24-04043 (LGB) |

## BENCH DECISION

*APPEARANCES:*

Kirby Aisner & Curley LLP
*Counsel for Firstbase.io, Inc.*
700 Post Road, Suite 237
Scarsdale, NY 10583
By:    Dawn Kirby, Esq.
          *Dana Patricia Brescia, Esq.*

Royer Cooper Cohen Braunfeld LLC
*Counsel for Harbor Business Compliance Corporation*
1120 Avenue of the Americas 4th Floor
New York, NY 11102
By:    Mark F. Skapof, Esq.
          *Matthew Faranda-Dierich, Esq.*

**LISA G. BECKERMAN**
**UNITED STATES BANKRUPTCY JUDGE**

## BACKGROUND

On December 12, 2024, debtor and debtor-in-possession Firstbase.io, Inc. ("Debtor" or "Plaintiff") filed a complaint [ECF No. 1][1] (the "Complaint") seeking avoidance of a judgment lien held by Harbor Business Compliance Corporation ("Harbor" or "Defendant") as a preference and reclassifying the secured claim asserted by Harbor as an unsecured claim. On January 10, 2025, the Defendant filed an Answer and Affirmative Defenses (the "Answer") [ECF No. 4].

On March 11, 2025, the Court entered a Scheduling and Pre-Trial Order [ECF No. 8] which authorized the parties to move for summary judgment (the "Scheduling Order"). Attached to the Scheduling Order was a statement of undisputed facts and documents in accordance with Local Bankruptcy Rule 7056-1 (the "Statement of Facts").

On April 7, 2025, the Plaintiff filed a Motion for Summary Judgment [ECF No. 12] ("Plaintiff MSJ"). On April 21, 2025, the Court was provided with a response by Defendant to Plaintiff MSJ, but the document was filed in the main Chapter 11 case and not in the Adversary Proceeding ("Defendant Response"). Case No. 24-11647, ECF No. 116. On April 21, 2025, the Plaintiff filed a reply in support of Plaintiff MSJ [ECF No. 17] ("Plaintiff Reply").

On April 7, 2025, the Defendant filed a motion for summary judgment [ECF No. 11] ("Defendant MSJ"). The Plaintiff filed a response to Defendant MSJ [ECF No. 14] on April 21, 2025 ("Plaintiff Response"). On April 21, 2025, the Defendant filed a reply in support of Defendant MSJ [ECF No. 16] ("Defendant Reply").

---

[1] Unless otherwise stated, references refer to docket entries in the Adversary Proceeding

2

The Court has considered Plaintiff MSJ, Defendant Response, Plaintiff Reply, Defendant MSJ, Plaintiff Response, and Defendant Reply, as well as the oral argument of parties, and has reviewed the cases cited to in the pleadings.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 is applicable to this Adversary Proceeding by virtue of Bankruptcy Rule 7056. FED. R. BANKR. P. 7056. Pursuant to Rule 56, summary judgment is appropriate when a review of the entire record demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The parties have stipulated to the material facts. Accordingly, the Adversary Proceeding is ripe for disposition by summary judgment.

## DISCUSSION

The Bankruptcy Code generally gives trustees (and debtors-in-possession) in bankruptcy the authority to avoid any preferential transfer to a creditor of an interest of the debtor made during the ninety days prior to the petition date. 11 U.S.C. § 547(b)[2]. That power, however, is subject to the restrictions of sections 547(c) and 547(i). Harbor argues that their lien is excepted from preference liability by virtue of one of these subsections—section 547(c)(6). Section 547(c)(6) provides that the trustee may not avoid a transfer "that is the fixing of a statutory lien

---

[2] Section 547(b) states, "[e]xcept as provided in subsections (c) and (i) of this section, the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
      (A) on or within 90 days before the date of the filing of the petition; or
      (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
   (5) that enables such creditor to receive more than such creditor would receive if—
      (A) the case were a case under chapter 7 of this title;
      (B) the transfer had not been made; and
      (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

3

that is not avoidable under section 545 of this title." § 547(c)(6). Plaintiff has not alleged in the Complaint that there is a basis for avoiding Defendant's lien under section 545 of the Bankruptcy Code, only under section 547 of the Bankruptcy Code.

The Bankruptcy Code defines judicial lien as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." § 101(36). The Bankruptcy Code defines statutory lien as a "lien arising solely by force of statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest of lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute." 11 U.S.C. §101(53). Thus, a statutory lien cannot be a judicial lien.

So, is the Defendant's lien a judicial lien? Defendant argues that it is a statutory lien in Defendant MSJ. Defendant cites to the legislative history of 101(53), which indicates that a statutory lien is "one that arises automatically and is not based on an agreement to give a lien or on judicial action." Defendant MSJ at 3 (quoting H.R. REP. NO. 95-595, at 314 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6271; S. REP. NO. 95-989, at 27 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5811). Defendant also cites to the legislative history as confirming Congress' intent to include "[m]echanics', materialmen's, and warehousemen's liens" as illustrative "examples" of statutory liens, not an exhaustive list. *Id.* at 5 (quoting H.R. REP. NO. 95-595, at 314 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6271; S. REP. NO. 95-989, at 27 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5811). Defendant argues that courts must look to state law to determine whether a lien is a statutory lien. *See, e.g.,* Defendant MSJ at 8.

The parties stipulate that Harbor's lien arose under NY CPLR § 5202(a). CPLR § 5202 states,

4

(a) Execution creditor's rights. Where a judgment creditor has delivered an execution to a sheriff, the judgment creditor's rights in a debt owed to the judgment debtor or in an interest of the judgment debtor in personal property, against which debt or property the judgment may be enforced, are superior to the extent of the amount of the execution to the rights of any transferee of the debt or property, except:
1. a transferee who acquired the debt or property for fair consideration before it was levied upon; or
2. a transferee who acquired a debt or personal property not capable of delivery for fair consideration after it was levied upon without knowledge of the levy.

(b) Other judgment creditor's rights. Where a judgment creditor has secured an order for delivery of, payment of, or appointment of a receiver of, a debt owed to the judgment debtor or an interest of the judgment debtor in personal property, the judgment creditor's rights in the debt or property are superior to the rights of any transferee of the debt or property, except a transferee who acquired the debt or property for fair consideration and without notice of such order.

NY CPLR § 5202. Defendant, however, acknowledges that NY CPLR § 5202 never explicitly delineates the resulting secured interests as either statutory liens or judicial liens. Defendant MSJ at 6.

NY CPLR § 5202 is entitled "Judgment Creditor's Rights in Personal Property." NY CPLR § 105 (l) defines a judgment creditor as "a person in whose favor a money judgment is entered or a person who becomes entitled to enforce it." The plain language of the state statute refers the entry of a money judgment as a prerequisite to enforcement.

Defendant MSJ and Plaintiff MSJ require this Court to determine if Defendant's lien which it asserts arises under NY CPLR § 5202 is a judicial lien under 11 U.S.C. § 101(36). If it is a judicial lien, by definition, it cannot be a statutory lien. This is a question of federal law since it requires the proper interpretation of a term defined under the Bankruptcy Code.

Both sides cite to several cases in support of their arguments. But the Court does not find most of the cases to be on point or persuasive and/or finds them to be distinguishable. The Court

5

notes that this issue has not been directly decided by a Court in the Second Circuit. Courts in other circuits have addressed similar arguments interpreting different analogous laws, however. In *Specialty Prop. Dev., Inc. v. Ferguson Enters. (In re Specialty Prop. Dev., Inc.)*, the court addressed a Florida law granting a judgment creditor a purported statutory lien. 399 B.R. 857, 861 (Bankr. M.D. Fla. 2008). There, the court found that while the Florida statute granted a lien at the time of service of a writ, that lien was properly characterized as a "judicial lien" since the legal existence of the lien resulted from a judicial proceeding. *Id.* at 861. A bankruptcy court in the Northern District of Ohio has likewise found that a writ of execution pursuant to a judgement is properly characterized as a judicial lien and not a statutory lien. *See In re Veteran Plate Glass Co.*, 71 B.R. 74 (Bankr. N.D. Ohio 1987). There, the defendant obtained a judgment against the debtor. To satisfy the judgment, the creditor obtained a writ of execution against the debtor's personal property. *Id.* at 75. The court found that the defendant was the "holder of an execution lien, which lien became perfected at the time the subject property was seized by the Sheriff." *Id.* That lien was inherently a judicial lien as "levy" encompassed execution liens of the nature before that court. *Id.*

While not addressing the exact predicament here, courts in the Second Circuit have found that the execution of a lien on personal property under NY CPLR § 5202(a) is a transfer which can be avoided under section 547 of the Bankruptcy Code. *In re Sterling Die Casting, Inc.,* 126 B.R. 673, 677 (Bankr. E.D.N.Y. 1991). In that case, a judgment was first issued by a federal district court. Subsequently, the judgment creditor delivered an execution to the sheriff and the sheriff levied on the debtor's bank accounts. The court did not directly rule that the judgment creditor's lien was a judgment lien. But the result in the case required the court to treat the judgment creditor's lien as a judgment lien. Similarly, in *In re Lucasa Int'l, Ltd.*, the court found

6

that an execution lien was a voidable preference under section 547(b). 13 B.R. 596, 599 (Bankr. S.D.N.Y. 1981) ("Under New York law, a judgment becomes a lien on personalty when the execution is delivered to the sheriff. Thus, even in the absence of payment, [defendant's] delivery of the writ to the sheriff pursuant to [plaintiff's] confession of judgment created a voidable transfer because it resulted in a lien or charge against the debtor's property.") (internal citations omitted).

Defendant argues in Defendant MSJ that it has a statutory lien since the lien under NY CPLR § 5202(a) arose automatically, without court intervention, upon delivery of an execution to a sheriff. Defendant MSJ at 8. The legislative history of § 101(53) suggests that a "[a] statutory lien is only one that arises automatically and is not based on an agreement to give a lien or on judicial action." *In re Schick*, 418 F.3d 321, 323 (3d Cir. 2005) (quoting H.R. REP. NO. 95-595, at 314 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6271; S. REP. NO. 95-989, at 27 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5811).

The Court believes that Defendant's lien is clearly "based on … judicial action" since, under NY CPLR § 105, there must be a money judgment rendered in order for a person to be a judgment creditor. In this case, the monetary judgment was issued by the District Court for the Eastern District of Pennsylvania ("E.D.Pa."). If there had not been "judicial action" taken by the E.D.Pa. issuing a monetary judgment in Defendant's favor, then there would not and could not be a lien under New York law. This differs, for example, from a mechanics lien which arises automatically under New York law by virtue of the work performed by a contractor or subcontractor on property without any judicial action. *See* N.Y. Lien Law § 3.

Defendant's argument that the source of debt has no bearing on whether a lien is a judicial lien is not reflected in the case law. Harbor primarily relies on *Schick* in support of this

7

argument. However, *Schick* implies that the source of the debt is relevant when the amount of the lien is based on the debt. The *Schick* court states multiple times that this determination is critical for characterizing a lien as statutory or judicial. *See* 418 F.3d at 326 (finding that the lien at issue was not a judicial lien because, in part, "the amount of the surcharge is set forth either in the statute or administrative regulation and is *not determined by the underlying proceeding against the driver*.") (emphasis added); *id.* at 326 (stating that the lien at issue was similar to other statutory liens since "the amount of the debt here is determined either as a matter of statute or administrative regulation."). Here, the amount of the lien is mostly based on judicial action— the amount awarded in the monetary judgment by the E.D.Pa. Courts interpreting the characterization of other types of liens, such as tax liens, have come to similar conclusions. *See In re Princeton Office Park, L.P.*, 423 B.R. 795, 801 (Bankr. D.N.J. 2010) ("It is palpably clear from the foregoing description [of 11 U.S.C. § 724(b)] that in order for a creditor to hold a 'tax lien,' the holder must first possess an allowed claim for 'a tax.'")

The Bankruptcy Code defines "lien" as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37). A judicial lien, therefore, is a "charge against or interest in property to secure payment of a debt or performance of an obligation" which is "obtained by judgment, levy, sequestration . . . ."

CPLR § 5202(a) does not specifically mention the word, "lien," but only describes some of the effects that complying with its provisions will have on the rights of the judgment creditor with respect to third parties. Further, most of those effects only occur after the property was levied upon. NY CPLR § 5202(a) describes the rights of the execution creditor as superior to transferees except transferees that acquired the judgment debtor's interests "before it was levied upon" and transferees who acquired the judgment debtor's interest in certain property "without

8

knowledge of the levy." Therefore, some of the judgment creditor's charge against or interest in the personal property of the judgment debtor is obtained by a levy. This would also fall within the definition of a judicial lien which includes levy.

The Court also notes that one district court in the S.D.N.Y. referred to the lien that is created when a writ of execution is delivered to the sheriff under NY CPLR §5202(a) as a "judgment lien." *See United States SEC v. Universal Express, Inc.*, 2008 U.S. Dist. LEXIS 35342, at *15 (S.D.N.Y. Apr. 30, 2008) (citing *Mongelli v. Mongelli*, 849 F. Supp. 215, 219 (S.D.N.Y. 1994) and *Balaber-Strauss v. Marine Midland Bank, N.A. (In re Maceca)*, 129 Bankr. 369, 370 (Bankr. S.D.N.Y. 1991)).

Therefore, the Court rules that Defendant's lien is a judicial lien and not a statutory lien. Accordingly, the Court denies Defendant's MSJ.

With respect to Plaintiff's MSJ, the Court notes that the parties have stipulated that the Defendant's lien was created within 90 days of the filing of the petition. Statement of Facts ¶ 21. The parties have stipulated that the Debtor was insolvent or rendered insolvent by the creation of the lien. *Id.* ¶ 22. The parties have stipulated that a lien was created to or for the benefit of Harbor. *Id.* ¶ 16. The parties have stipulated that there was an antecedent debt owed by the Plaintiff to the Defendant in the form of the judgment entered by the E.D.Pa. *Id.* ¶ 8.

This leaves only the issue under section 547 of whether Defendant's lien enables the Defendant to receive more in the Debtor's Chapter 11 case than the Defendant would receive if the lien did not exist and the Debtor's estate were administered under Chapter 7. *See* 11 U.S.C. § 547(b)(5). The only evidence provided by the Plaintiff is the Debtor's Schedules which are attached as Exhibit D to Plaintiff's MSJ.

Based upon the Schedules, the Debtor has other secured creditors listed on Schedule D as well as some priority creditors listed on Schedule E which would have to be paid before unsecured creditors in a Chapter 7 case. *See* Plaintiff MSJ, Ex E. Additionally, there would be the administrative expenses incurred in the hypothetical Chapter 7 case such as payment of the Chapter 7 trustee's fees and the fees of any professionals retained by the Chapter 7 trustee. Accordingly, the Court rules that that the Defendant would receive less in a hypothetical Chapter 7 case for the Debtor than it would receive as a secured creditor in the Debtor's Chapter 11 case.

The Court grants Plaintiff's MSJ. The Court asks Plaintiff to submit a form of judgment in the Adversary Proceeding avoiding Defendant's lien as a preference under section 547 of the Bankruptcy Code and recharacterizing the Defendant's claim set forth in proof of claim number 9 as an unsecured claim against the Debtor.

Dated: May 6, 2025
      New York, New York

                                               */s/ Lisa G. Beckerman*
                                               HONORABLE LISA G. BECKERMAN
                                               UNITED STATES BANKRUPTCY JUDGE